IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROMAN HERNANDEZ,

      Plaintiff,

vs.                                                                                        No. CIV 10-1031 RB/RHS

NEW MEXICO ADULT PROBATION AND
PAROLE, and APO OFFICER ELIZABETH
QUEENER, in their individual and representative
capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment, (Doc. 26), filed on August 24, 2011. Jurisdiction arises under 28 U.S.C. § 1331. Plaintiff did not file a response in opposition to this motion. Defendants filed a reply on September 14, 2011. Having considered the motion and memorandum in support thereof, the record, and the relevant law, the Court grants this Motion.

**I.     Background.**

On September 27, 2010, Plaintiff (Mr. Hernandez) filed his Complaint for Negligence, Assault, Battery, False Arrest, False Imprisonment, and Malicious Prosecution in the Ninth Judicial District Court, County of Curry, State of New Mexico. (Doc. 1). Therein, Mr. Hernandez alleged he was entitled to relief under 42 U.S.C. § 1983, as well as the New Mexico Tort Claims Act (NMTCA). On November 1, 2010, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1441(b).

In their Memorandum in Support of their Motion for Summary Judgment, Defendants contend that: (1) the Adult Probation and Parole Department (APPD) is not an individual who

may be sued under 42 U.S.C. §1983; (2) Officer Queener is entitled to qualified immunity; and (3) Defendants are immune under the New Mexico Tort Claims Act (NMTCA).

## II.     Standard.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Upon meeting this burden, the burden shifts to the nonmovant to show specific facts supporting a genuine issue for trial as to all of the essential elements of her case.  *Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) ("The party opposing the motion must present sufficient evidence in specific, factual form . . . .").  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1142 (10th Cir. 2009).  Where, as here, the non-moving party fails to respond, the court may not grant the motion without "first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."  *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002).  "If it has not, summary judgment is not appropriate, for no defense to an insufficient showing is required." *Id.*

## III.    Statement of Facts.

On summary judgment, the Court must view the facts in a light most favorable to Mr. Hernandez, the non-moving party.  *See Turner*, 563 F.3d at 1142.  Thus, reasonable inferences are

drawn and factual ambiguities are resolved in his favor.

On September 29, 2008, New Mexico State Police Officer Jeffrey S. Telles stopped Mr. Hernandez for traffic violations. (Def. Ex. A). When Officer Telles stopped Mr. Hernandez, he conducted a computerized inquiry and was informed that Mr. Hernandez was on supervised probation through Clovis Probation and Parole Office. (Def. Ex. A). Officer Telles called Defendant Elizabeth Queener, who was the Probation Officer Supervisor on call at the time. (Def. Ex. A).

Officer Queener was at home at the time she received the call and consulted the "address list" she and other officers use when they are not in the office. (Def. Ex. B). The address list includes the offender's address, date of birth, social security number, the offense, the date probation ends, and the assigned probation officer. (Def. Ex. B). The list indicated that Mr. Hernandez was on probation for driving without a license, driving while intoxicated, and child abuse. (Def. Ex. B). Based on her review of the address list, Officer Queener determined Mr. Hernandez was in violation of his probation and asked Officer Telles to detain Mr. Hernandez. (Def. Ex. B).

The next morning, Officer Queener informed Mr. Hernandez's Probation Officer, Isabel Lucero, that Mr. Hernandez had been arrested because he had been stopped for traffic violations. (Def. Ex. B). After completing an investigation and filling out the investigation report, Officer Lucero recommended that the District Attorney's Office prepare and file a motion to revoke probation, and that Mr. Hernandez's probation be revoked. (Def. Ex. B). On October 6, 2008, Officer Queener reviewed Officer Lucero's Report of Violation and the Report of Violation was filed. (Def. Ex. B). After the Report of Violation was filed, the District Attorney's Office had the

duty to decide whether to file a motion to revoke probation or a notice of intent not to prosecute the alleged violations. (Def. Ex. B).

On October 8, 2008, Judge Teddy Hartley issued an agreed Order Modifying Bond, Order Releasing the Probation Hold, and Order for Immediate Release of Defendant (Mr. Hernandez). (Def. Ex. D). On October 10, 2008, Deputy District Attorney Fred T. Van Soelen filed a Notice of Intent Not to Prosecute Probation Violation. (Def. Ex. E).

**IV.    Discussion.**

**A.    The APPD is not an individual who may be sued under 42 U.S.C. §1983.**

Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order to be sued under § 1983, an entity must be a "person" subject to suit under the statute. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Notably, Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Fed.R.Civ.P. 17(b). The APPD is a division of the New Mexico Corrections Department. N.M. Stat. Ann. § 9-3-3. It has no separate legal identity under New Mexico law, and therefore cannot be sued in this § 1983 action. *See Lindsey v. Thomson,* 275 Fed. Appx. 744, 747 (10th Cir. Sept. 10, 2007) (unpublished op.) (affirming dismissal of § 1983 claims against police departments and county sheriff's department). For this reason, the motion will be granted with respect to the APPD.

**B.    Officer Queener is entitled to qualified immunity on the 42 U.S.C. §1983 claims.**

4

Officer Queener contends that she is entitled to qualified immunity.  "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether defendants are entitled to qualified immunity is a question of law.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  Where a defendant asserts qualified immunity at summary judgment, "the plaintiff bears a heavy two-part burden." *Id.*  Specifically, the plaintiff must show both that (1) the defendant violated a constitutional right and (2) that constitutional right was clearly established.  *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009) (citing *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir.2009)).  "If the officer's conduct did not violate a constitutional right . . . the officer is entitled to qualified immunity." *Id.*

In that he failed to respond to the motion, Mr. Hernandez has produced no evidence that Officer Queener committed a constitutional violation.  Once a qualified immunity defense has been asserted, it is the plaintiff's obligation to shoulder "the burden of showing both that a constitutional violation occurred and that the constitutional right was clearly established at the time of the alleged violation." *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008).  In that Mr. Hernandez has failed to meet his burden to overcome the assertion of qualified immunity, Officer Queener is entitled to qualified immunity.

**C.   Defendants are immune from the state-law claims under the NMTCA.**

"Under New Mexico law, the state's consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act." *Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114, 1117 (10th Cir. 2010) (quotations omitted).  The

New Mexico courts have determined that New Mexico adult probation officers are not exempt from sovereign immunity for purposes of the NMTCA. *Vigil v. Martinez*, 113 N.M. 714, 721, 832 P.2d 405, 412 (N.M. App. 1992); *Trask v. Franco*, 446 F.3d 1036, 1047 (10th Cir. 2006) (recognizing *Vigil* is dispositive on the issue). In that no provision of the NMTCA waives Defendants' sovereign immunity for the state-law claims, Defendants are entitled to summary judgment on such claims.

**V.     Conclusion.**

Defendants are entitled to summary judgment on all claims.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, (Doc. 26), filed on August 24, 2011, is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment shall issue forthwith.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**